# -O-

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENETTE POWELL,<br><br>                    Plaintiff,<br><br>            vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 06-6907-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[2] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[3]

---

[1]  Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (See Dkt. Nos. 8, 9.)

[3]  As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the JS filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1.  Whether the Administrative Law Judge ("ALJ") properly considered the opinion of Plaintiff's treating physician; and

2.  Whether the ALJ properly evaluated Plaintiff's testimony.

(JS at 3.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

///

///

///

2

1

**III.**

2

**DISCUSSION**

3  **A.    The ALJ Erred in Discounting the Opinions of Plaintiff's Treating**

4        **Physician.**

5        Plaintiff contends the AJL erred in discounting the opinion of Plaintiff's

6  treating physician, Dr. Scott.  (JS at 3.)  Dr. Scott opined that Plaintiff should not

7  be exposed to temperatures below 80 degrees.  Plaintiff argues that the ALJ

8  discounted this portion of Dr. Scott's recommendation without providing sufficient

9  support.

10       It is well-established in the Ninth Circuit that a treating physician's opinions

11 are entitled to special weight, because a treating physician is employed to cure and

12 has a greater opportunity to know and observe the patient as an individual.

13 McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989).  "The treating

14 physician's opinion is not, however, necessarily conclusive as to either a physical

15 condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,

16 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on

17 whether it is supported by sufficient medical data and is consistent with other

18 evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If, as here, the treating

19 physician's opinion is uncontroverted by another doctor, it may be rejected only

20 for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

21 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  Johnson v.

22 Shalala, 60 F.3d 1428, 1423, 1433 (9th Cir. 1995) (self-contradictory nature of

23 treating physician opinion was "clear and convincing" reason for rejection).

24       In Dr. Scott's November 18, 1994, letter he stated that Plaintiff should not

25 be exposed to temperatures below 80 degrees.  (AR at 326.)  After the ALJ wrote

26 asking for a clarification of his records, Dr. Scott replied in a February 10, 2006,

27 letter that his recommendation for an 80 degree work environment was not a

28 typographical error.  (Id. at 535.)  As the treating physician, Dr. Scott's opinion is

3

entitled to the most favorable interpretation of any medical examiner. <u>Magallanes</u>, 881 F.2d 751.  While there is no medical opinion available to contradict Dr. Scott's opinion, the ALJ need not accept the treating physician's opinion if it is conclusory, or if there are clear and convincing reasons to reject it.  <u>Lester</u>, 81 F.3d 830.  Plaintiff claims the ALJ did not provide clear and convincing reasons for rejecting that opinion.  The Court agrees.

First, the ALJ stated that Plaintiff's choice to live in the high desert is contradictory to reports that she cannot tolerate temperatures under 80 degrees because of the desert's low evening temperatures.  (AR at 36.)  The Court disagrees with this logic.  At home, Plaintiff has the ability to control the temperature inside.  Indeed, she testified to being able to set the temperature of her home's heater to above 80 degrees.  (<u>Id.</u> at 559.)  The same is not likely to be true in a workplace environment.  Thus, the Court finds that the ALJ's reasoning is not convincing nor supported by any evidence.

Second, Defendant suggests that the ALJ found Dr. Scott's differing reports, one of which refers only to "cold temperatures" and another which refers specifically to "temperatures below 80 degrees," to be inconsistent.  The Court does not agree that the ALJ offered this as a reason to discount Dr. Scott's opinion.  The Court is "constrained to review the reasons the ALJ asserts."  <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir. 2006); <u>see also</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003) (<u>citing</u> <u>Sec. & Exch. Comm'n v. Chenery Corp.</u>, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947)); <u>Pinto v. Massanari</u>, 249 F.3d 840, 847-48 (9th Cir. 2001).  However, even if this reason was provided by the ALJ, the Court finds no meaningful difference between these two statements.  Thus, the Court finds that the ALJ's reasoning is not convincing.

Third, the ALJ claims that Dr. Scott failed to continue to recommend a course of treatment for the claimant to pursue in treating her sensitivity to cold temperatures, and that the lack of ongoing treatment indicates a lack of a

4

continuing symptom.  (AR at 36.)  To the contrary, Dr. Scott recommended that
Plaintiff not work in an environment under 80 degrees and later recommended she
live in a warm climate.  (Id. at 326.)  The ALJ's conjecture – that Plaintiff's
removal from work-related cold for five years coupled with the lack of Dr. Scott's
subsequent treatment notations relating to cold air stress reaction symptoms –
means that Plaintiff is no longer plagued by a cold air stress reaction, is
unsupported by any evidence.  The fact that Plaintiff lives in the desert supports a
conclusion that Plaintiff complied with her treating physician's recommendation
that such an environment would be beneficial to her condition.

Fourth, the ALJ's recommendation that Plaintiff could simply wear a
sweater to work to meet Dr. Scott's recommendation for temperatures above 80
degrees is unsupported by any evidence.  A sweater would neither guarantee a
temperature above 80 degrees, nor would it protect Plaintiff's entire body from
exposure to temperatures of less than 80 degrees.  The suggestion that a sweater
would be sufficient to ameliorate the effect that a normal room temperature would
have on Plaintiff's condition overly simplifies her condition.  Moreover, there is no
medical evidence suggesting that such a remedy would help.  See Tackett v. Apfel,
180 F.3d 1094, 1102-03 (9th Cir. 1999) (finding it inappropriate for an ALJ to
substitute his own medical judgment for that of a treating physician).

Accordingly, the Court finds that the ALJ's reasons for rejecting Dr. Scott's
assessments and finding Plaintiff not disabled were neither clear or convincing, nor
based on substantial evidence.[4]  Based on the foregoing, the Court finds that the
ALJ erred in rejecting Dr. Scott's opinions.

**B.**      **The ALJ Did Not Err in Evaluating the Plaintiff's Testimony.**

---

[4] Because the Court is remanding this matter for payment of benefits, it
declines to address the question of the validity of the treating physician's 2004
diagnosis of sarcoidosis and whether it relates back to the symptoms reported by
the Plaintiff while still insured.

1    The ALJ found that Plaintiff's subjective allegations were not sufficiently

2    credible to warrant restrictions greater than those established by the objective

3    medical record.  (AR at 37.)  Plaintiff claims that the ALJ's credibility assessment

4    was improper because the ALJ failed to provide a clear and convincing reasons for

5    rejecting Plaintiff's testimony.  The Court does not agree.

6    An ALJ's assessment of pain severity and claimant credibility is entitled to

7    "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

8    Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a

9    claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must

10   make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th

11   Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

12   Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

13   claimant was not credible is insufficient).

14   Under the "Cotton test," where the claimant has produced objective medical

15   evidence of an impairment which could reasonably be expected to produce some

16   degree of pain and/or other symptoms, and the record is devoid of any affirmative

17   evidence of malingering, the ALJ may reject the claimant's testimony regarding

18   the severity of the claimant's pain and/or other symptoms only if the ALJ makes

19   specific findings stating clear and convincing reasons for doing so.  See Cotton v.

20   Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d

21   1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993);

22   Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

23   To determine whether a claimant's testimony regarding the severity of his

24   symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1)

25   ordinary techniques of credibility evaluation, such as the claimant's reputation for

26   lying, prior inconsistent statements concerning the symptoms, and other testimony

27   by the claimant that appears less than candid; (2) unexplained or inadequately

28   explained failure to seek treatment or to follow a prescribed course of treatment;

6

1  (3) the claimant's daily activities; and (4) testimony from physicians and third

2  parties concerning the nature, severity, and effect of the claimant's symptoms.

3  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80

4  F.3d at 1284.

5         Social Security Ruling ("SSR") 96-7p further provides factors that may be

6  considered to determine a claimant's credibility such as:

7         1) the individual's daily activities;

8         2) the location, duration, frequency, and intensity of the individual's pain

9         and other symptoms;

10        3) factors that precipitate and aggravate the symptoms;

11        4) the type, dosage, effectiveness, and side effects of any medication the

12        individual takes or has taken to alleviate pain or other symptoms;

13        5) treatment, other than medication, the individual receives or has received

14        for relief of pain or other symptoms;

15        6) any measures other than treatment the individual uses or has used to

16        relieve pain or other symptoms (e.g., lying flat on his or her back, standing

17        for fifteen to twenty minutes every hour, or sleeping on a board); and

18        7) any other factors concerning the individual's functional limitations and

19        restrictions due to pain or other symptoms.

20  SSR 96-7p.

21        Here, in evaluating Plaintiff's testimony, the ALJ cited to inconsistencies in

22  her contemporaneous subjective statements, the contemporaneous treating

23  physician's objective reports, and the subsequent treatment that was prescribed by

24  the treating physician.

25        First, the record shows that while seeing Dr. Scott in 1994, Plaintiff stated

26  that she was suffering from only slight to moderate musculoskeletal complaints.

27  (AR at 121.)  The ALJ noted that Plaintiff's subjective statements to her treating

28  physician are inconsistent with her current claims of disabling pain.  (AR at 37,

7

1  185, 330)  This is sufficient reason to discredit Plaintiff's testimony.  <u>Thomas</u>, 278
2  F.3d at 958-59.

3       Second, the ALJ relied on the objective findings of the treating physician to
4  discredit the Plaintiff's subjective complaints.  The ALJ pointed to the fact that Dr.
5  Scott recommended a restriction from heavy work and declared the claimant to be
6  "permanent and stationary."  (AR at 120-121.)  Yet, in his treatment records, Dr.
7  Scott states only that Plaintiff was suffering from a "slight muscle spasm."  With
8  regard to her back pain only, Dr. Scott's treatment records show that his findings
9  are inconsistent with her current claim of being unable to work in any job in the
10 national economy because of the existence of jobs requiring only light movements.

11      Based on the foregoing, the Court finds that the ALJ provided clear and
12 convincing reasons, supported by substantial evidence, for rejecting Plaintiff's
13 credibility regarding her subjective contentions.  Thus, there was no error.

14 **C.    <u>This Case Should Be Remanded for Payment of Benefits.</u>**

15      The law is well established that the decision whether to remand for further
16 proceedings or simply to award benefits is within the discretion of the Court.  <u>See</u>,
17 <u>e.g.</u>, <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>McAllister</u>, 888 F.2d at
18 603; <u>Lewin  v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is
19 warranted where additional administrative proceedings could remedy defects in the
20 decision.  <u>Lewin</u>, 654 F.2d at 635.  Remand for the payment of benefits is
21 appropriate where no useful purpose would be served by further administrative
22 proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the
23 record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th
24 Cir. 1986); or where remand would unnecessarily delay the receipt of benefits,
25 <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

26      The Ninth Circuit also has held that "the district court should credit evidence
27 that was rejected during the administrative process and remand for an immediate
28 award of benefits if:  (1) the ALJ failed to provide legally sufficient reasons for

8

1  rejecting the evidence; (2) there are no outstanding issues that must be resolved

2  before a determination of disability can be made; and (3) it is clear from the record

3  that the ALJ would be required to find the claimant disabled were such evidence

4  credited." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also

5  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000);[5] Varney v. Sec'y of Health

6  & Human Servs., 859 F.2d 1396, 1988-1401 (9th Cir. 1988); Lester, 81 F.3d at

7  834; Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990); Smolen, 80 F.3d at

8  1292; Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989); but see Connett v.

9  Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (the "crediting as true" doctrine is not

10  mandatory in the Ninth Circuit; remanding for reconsideration of the claimant's

11  credibility where the record contained insufficient findings as to whether the

12  claimant's testimony should be credited as true).

13       Under the foregoing authorities, when this test is met, the Court will take the

14  improperly discredited testimony as true and not remand solely to allow the ALJ

15  another opportunity to make specific findings regarding that testimony.  This rule

16  applies not only to a claimant's improperly discredited excess pain and other

17  subjective symptom testimony, but also to lay witnesses' improperly discredited

18  testimony, and to improperly discredited opinions of a treating or examining

19  physician.

20       Here, the Court has found that the ALJ improperly discredited the opinions

21  of Plaintiff's treating physician.  It is clear from the record that the ALJ would be

22  required to find Plaintiff disabled if Dr. Scott's opinion was fully credited.  As

23  noted above, the Vocational Expert testified at the hearing that Dr. Scott's

24  assessment would preclude all employment.  (AR at 565.)

25

26

27       [5] In Harman, the Ninth Circuit noted that this three-part test "really
   constitutes a two part inquiry, wherein the third prong is a subcategory of the
28  second." Harman, 211 F.3d at 1178 n.7.

1    Accordingly, it appears to the Court that this is a case where no useful
2  purpose would be served by further administrative proceedings, where the record
3  has been fully developed, and where remand would only unnecessarily delay the
4  receipt of benefits.

5                                        **IV.**

6                                     **ORDER**

7    Accordingly, IT IS HEREBY ORDERED that Judgment be entered
8  reversing the decision of the Commissioner of Social Security, and remanding this
9  matter for the payment of benefits.

13  DATED: July 9, 2008
                                        _____
14                                       HONORABLE OSWALD PARADA
                                         United States Magistrate Judge