UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENETTE POWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ASTRUE,<br>Commission of the Social<br>Security Administration,<br><br>　　　　　Defendant. | Case No. CV 06-6907-OP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

## I.

## INTRODUCTION

After a denial of an application for supplemental security income ("SSI") benefits under Title II of the Social Security Act, Plaintiff sought review in this Court of Defendant's decision denying her benefits. After the parties filed the Joint Stipulation, the Court found for Plaintiff and ordered remand for payment of benefits. Pursuant to the parties' stipulation, this Court ordered payment fo EAJA fees in the amount of $4,000.00. On remand, the Commissioner granted Plaintiff's application for benefits, entitling her to receive approximately $40,216.00 in retroactive benefits under Title II. Plaintiff has now filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)

---

("Motion"). Defendant submitted a Response to the Motion ("Response").[1] Plaintiff also submitted a Reply to the Response. For the reasons discussed below, the Motion is GRANTED.

## II.
## PROCEDURAL HISTORY

The Law Offices of Lawrence D. Rohlfing represented Plaintiff before the United States District Court on the basis of a retainer agreement to cover those services calling for fees of 25% of the back benefits. After the parties filed the Joint Stipulation, the Court found for Plaintiff and ordered remand for payment of benefits. Pursuant to the parties' stipulation, this Court ordered payment fo EAJA fees in the amount of $4,000.00. On remand, the Commissioner granted Plaintiff's application for benefits, entitling her to receive approximately $40,216.00 in retroactive benefits under Title II. The Motion seeks $10,000.00 in attorney fees along with a reimbursement to Plaintiff for the $4,000.00 in EAJA fees already paid. (Mot. at 1, 2; Reply at 1.)

## III.
## DISCUSSION

### A. Fees Awarded To Attorneys Who Successfully Represent Social Security Benefit Claimants In Court.

An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the clamant.[2]

---

[1] Because the Commissioner is not a party to the contingency fee agreement between Plaintiff and her attorney, he simply "offers below an analysis of the fees sought in the event that it may assist the court in the Court's determination." (Response at 2.)

[2] For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement. 42 U.S.C. § 406(a). In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . a reasonable

2

42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id. Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits.

Fee awards may be made under the Equal Access to Justice Act ("EAJA"), as well as 42 U.S.C. § 406(b) ("Section 406(b)"). As was the case here, Plaintiff was previously awarded EAJA fees in the amount of $4,000.00 for services rendered by counsel in securing the remand of his case. An EAJA award, however, offsets an award under Section 406(b) so that the total past-due benefits actually received by the claimant is increased by the amount of the EAJA award up to the point where the claimant could potentially obtain one hundred percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (citation omitted).

**B.    The Applicable Case Law.**

In Gisbrecht, the Supreme Court resolved a circuit split in the appropriate method of calculating fees under Section 406(b). Several circuits, including the Ninth Circuit, had followed the "lodestar" method, under which the number of hours reasonably devoted to each case was multiplied by a reasonable hourly rate. Gisbrecht, 535 U.S. at 799 (citations omitted). Other circuits had given effect to an attorney-client contingent-fee agreement if the resulting fee were reasonable. Id. (citations omitted).

The Court evaluated the two approaches and concluded that Section 406(b) (limiting attorney's fees to twenty-five percent of past-due benefits) was designed to control, and not displace, contingent fee agreements that are within the statutory ceiling. Id. at 807-09. The Court held that Section 406(b) "calls for court review of such

---

fee" for the attorney's services. Id. § 406(a)(1). As an alternative to fee petitions, an attorney may file a contingency fee agreement with the Agency in advance of a ruling on the claim for benefits. Id. §§ 406(a)(2)-(4). If the ruling is favorable to the claimant, the Agency will generally approve the agreement subject to certain limitations. Id. §§ 406(a)(2)(A)(ii) and (iii).

arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807; see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (citing Gisbrecht). In rejecting the lodestar approach, the Court noted that, while the lodestar method was used in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in litigation, fee-shifting to a losing party was not relevant in Section 406(b) cases. Gisbrecht, 535 U.S. at 802. As the Court observed, Section 406(b) does not authorize the prevailing party to recover fees from the losing party; rather, it authorizes fees payable from the successful party's recovery. Id.

In testing the reasonableness of fees yielded by contingency fee agreements within Section 406(b)'s twenty-five percent ceiling, courts have examined the character of the representation and the results achieved. Id. at 808. For example, if an attorney is responsible for any delay, his contractual recovery may be reduced to prevent the attorney from profiting from the accumulation of benefits during the pendency of the case in court. Id. (citation omitted). Additionally, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment might be appropriate. Id. (citations omitted).

C.   **The Reasonableness Of The Fees Yielded By The Instant Contingency Fee Agreement.**

In this case, the sole issue is the reasonableness of the fees yielded by the contingency fee agreement between Plaintiff and his counsel. While Plaintiff's counsel acknowledges the EAJA offset, the amount of fees subject to the court's analysis remains the aggregate derived from the agreement: twenty-five percent of the past-due benefits, according to Plaintiff's counsel. The Motion includes a declaration of counsel and documentation supporting counsel's fee request.

The Court is satisfied that the fee sought under the contingency agreement is reasonable. As with any contingency fee agreement, the risk of loss in this case was

substantial.

The character of the representation in this case was not substandard and attests to the reasonableness of the fee. Plaintiff's counsel was successful in obtaining an order for remand for further proceedings. On remand, the Commissioner granted Plaintiff's application for benefits, entitling her to receive approximately $40,216.00 in retroactive benefits. The results of the representation, therefore, support the reasonableness of the fee. As one court recently observed in a Section 406(b) case:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time value of money and the risk of non-recovery usually borne by clients in cases where lawyers are paid an hourly rate.

Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1384 n.7 (S.D. Ga. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 448-49, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (Burger, J., concurring)). Significantly, since Gisbrecht, district courts have been deferential to the terms of contingency contracts in Section 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non-contingency fee arrangements. Hearn, 262 F. Supp. 2d at 1037 (awarding $25,132.50 in Section 406(b) fees, equivalent to $450.00 per hour) (citing, inter alia, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (awarding $10,189.50, equivalent to $605.00 per hour); Coppett, 242 F. Supp. 2d 1380 (awarding $6,554.12, equivalent to $350.49 per hour).

/ / /
/ / /
/ / /
/ / /
/ / /

5

In conclusion, the Court finds that the fee requested by Plaintiff, which does not exceed the twenty-five percent statutory ceiling of Section 406(b), is reasonable under the inquiry called for by <u>Gisbrecht</u>. Plaintiff's counsel shall be paid the sum of $10,000.00 from the amount withheld by the Commissioner from Plaintiff's past-due benefits. Plaintiff's counsel shall reimburse Plaintiff the sum of $4,000.00 in EAJA fees already paid.

**IT IS SO ORDERED.**

DATED: March 17, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge